## FOGARTY *vs.* FINLAY.

*Twelfth Judicial District Court, March, 1857.*

WRITTEN INSTRUMENT SET FORTH IN ANSWER—NOTARIAL BOND—
AMENDMENT.

When suit is brought by a mortgagee against a Notary on his bond for an informal ac-
knowledgement to a mortgage whereby the mortgagee lost his lien, if the Notary
plead a release the defendant must deny the validity of the release as a forgery, under
oath, by an affidavit filed in the cause.

If the execution of the release is not so denied, under oath, then the release is a com-
plete bar to the action.

The Court will allow the plaintiff to withdraw a juror and amend by filing an affidavit
afterwards, on a proper ground of surprise.

*Hoge & Wilson,* for plaintiff.

*Sheppard & Woodyard,* and *C. V. Grey,* for defendant.

This action was brought by Fogarty against Finlay, a notary, and his
sureties on the notarial bond, for negligence and want of skill in the
acknowledgement of a mortgage wherein his rights were prejudiced by
a subsequent incumbrance declared to have priority because of the de-
fective certificate of acknowledgement to the mortgage made by Finlay.

The complaint contained the usual counts.

The answer contained several defenses, among others, that the debt

secured by mortgage had been paid, satisfied and discharged, as appeared by a release, a copy of which was annexed to the answer.

The plaintiff failed to deny, under oath, the execution of this release, but on the trial claimed that it was a forgery and offered to prove it, and contended that the plaintiff did not so plead the release as to require a denial of its execution under oath, and also offered to prove that it was not paid and that the release had never been delivered to the mortgagor, and that the mortgagor never had possession of it.

The plaintiff also demurred ore tenus to the second defense, because it did not go to the cause of action, but to the damages, and was a plea of non damnificatus, which was only good in actions on bonds of indemnity while a notarial bond was not such.

Judge Norton held that he had grave doubts as to whether the instrument was pleaded in such a manner as to require a denial under oath, that is, whether it was pleaded as a release or whether the defense was merely payment, and the instrument only vouched in proof of it, but ultimately decided that this plea of the written instrument was sufficient against the plaintiff and that if he sought to deny its genuineness or execution, he should file his affidavit to that effect.

The Judge also ruled, that the release, if not denied by affidavit filed, was a sufficient bar to the action.

These rulings appearing to work a surprise upon the plaintiff, the Court permitted a juror to be withdrawn and the cause continued with leave to file an affidavit contesting the genuineness of the release.